Mr. Patrick G. Gilligan Ocala City Attorney 7 East Silver Springs Boulevard Suite 500 Ocala, Florida 34470
Dear Mr. Gilligan:
On behalf of the Chief of Police for the City of Ocala, you have asked for my opinion on substantially the following questions:
1. May the Ocala Police Department dispose of unclaimed evidence by turning it over to the City of Ocala Purchasing Department, which in turn would allow the items to be auctioned away as "surplus property" through an independently contracted auction service that does not auction the property pursuant to the requirements of Chapter 705, Florida Statutes?
2. If the Police Department or another city department retains the property for its own use, may the city at a later date dispose of this property pursuant to the city's surplus property procedures and not pursuant to the requirements of Chapter 705, Florida Statutes?
In sum:
The Ocala Police Department must dispose of unclaimed evidence as provided in section 705.105, Florida Statutes. It may transfer title of the property to the City of Ocala, which may then deal with the property as it determines appropriate, or the police department may retain the property for its own use until it is no longer useful and then surplus or destroy the property. The Ocala Police Department may not allow the City of Ocala to auction unclaimed evidence titled in the Police Department in an effort to circumvent the procedures of sections 705.105 and 705.103, Florida Statutes.
According to your letter, the City of Ocala has a contract through its purchasing department with an independent auctioneer who sells the city's surplus property. These surplus property auctions are conducted pursuant to city procedures and not pursuant to the procedures required for unclaimed evidence set forth in sections705.105 and 705.103, Florida Statutes.
You have advised this office that the Police Department does not have a substantial amount of unclaimed evidence to dispose of and finds the requirements of section 705.103, Florida Statutes, burdensome considering the type and amount of property involved. This surplus property does not include weapons that must be disposed of and the proceeds distributed as provided in section790.08, Florida Statutes.[1] You have asked for assistance in determining how the Ocala Police Department may deal with this unclaimed evidence. Because your questions are interrelated they will be discussed together.
Pursuant to section 705.105, Florida Statutes,
"(1) Title to unclaimed evidence or unclaimed tangible personal property lawfully seized pursuant to a lawful investigation in the custody of the court or clerk of the court from a criminal proceeding or seized as evidence by and in the custody of a law enforcement agency shall vest permanently in the law enforcement agency 60 days after the conclusion of the proceeding.
(a) If the property is of appreciable value, the agency may elect to:
1. Retain the property for the agency's own use;
2. Transfer the property to another unit of state or local government;
3. Donate the property to a charitable organization;
4. Sell the property at public sale, pursuant to the provisions of s. 705.103.
(b) If the property is not of appreciable value, the law enforcement agency may elect to destroy it.
(2) Nothing in this section shall be construed to repeal or supersede the provisions of s. 790.08 relating to the disposition of weapons and firearms."
Thus, permanent title to such property vests in the law enforcement agency and title may be transferred by the methods described in the statute. I note that the statute provides these options for property of appreciable value; the law enforcement agency is authorized to destroy property with no value.
The language of the statute, that a law enforcement agency "may elect" to dispose of property, appears to reflect the varying situations in which evidence may be retained for forensic purposes rather than indicating that a law enforcement agency has unlimited options in disposing of such property. For example, evidence in a capital case may be retained for possible use in postconviction proceedings although the trial itself may have concluded more than sixty days past.
Section 705.105, Florida Statutes, represents a reenactment of former section 925.06, Florida Statutes (1986), which required that unclaimed evidence be sold at public sale.[2] Section 925.06, Florida Statutes (1986), stated:
"(1) Unclaimed personal property in custody of the court from a criminal proceeding, if of appreciable value, shall be sold at public sale by the sheriff. The notice, procedure, and sheriff's fees for the sale shall be the same as provided for sales under execution. The proceeds shall be paid to any person making claim or, if unclaimed for 60 days, shall be paid to the county general fund. If the property is not of appreciable value, the court may order the sheriff to destroy it.
(2) Nothing in this section shall be construed to repeal or supersede the provisions of s. 790.08 relating to the disposition of weapons and firearms."
Staff analysis for Chapter 87-82, Laws of Florida, which repealed this statute and created section 705.105, Florida Statutes, states that "[s]ection 705.05 [sic], Florida Statutes, as enacted in this bill, would essentially reenact the provisions of Section 925.06, Florida Statutes, relating to the disposition of evidence[.]"[3]
There is no indication that the Legislature intended to provide law enforcement agencies with additional flexibility in disposing of unclaimed evidence by adopting section 705.105, Florida Statutes.
Thus, it is my opinion that the Ocala Police Department must dispose of unclaimed evidence to which it has title by those methods described in section 705.105, Florida Statutes. That is, in this instance, it may retain the property for its own use and later dispose of it as surplus when it is no longer needed, or it may transfer the property to the City of Ocala for use by another department of city government or for sale by the City of Ocala (after transfer of the title) as surplus property.[4] The property may be destroyed if it is of no value. However, the Ocala Police Department may not allow the City of Ocala to auction unclaimed evidence on its behalf in an effort to circumvent the procedures of sections 705.105 and 705.103, Florida Statutes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] See, Op. Att'y Gen. Fla. 95-82 (1995), for a discussion of the procedures to be followed when weapons are seized and become property of the police department.
[2] See, Staff Analysis of CS/HB 516, Committee on Judiciary, House of Representatives, dated May 5, 1987.
[3] Id. at p. 6.
[4] Cf., Op. Att'y Gen. Fla. 98-4 (1998) (The provisions of s.274.05, Fla. Stat., do not apply to the disposition of surplus municipal property. In the absence of a charter provision or ordinance prescribing the procedures to be used in disposing of surplus tangible personal property of a municipality, the manner of disposing of such property is left to the discretion of the municipality's governing body, provided such body acts in the best interests of the municipality.)